**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

**SAMI GHAREEB,**

**Plaintiff,**

**v.** **Civil Action No.** 2:26-cv-00676

**SOCIETY HOSPITALITY LLC,**
a Virginia limited liability company;
**BLUE FIRE CAPITAL, LLC**, a Kentucky;
limited liability company; **TLT GROUP, LLC**,
a Tennessee limited liability company;
**TLT DEVELOPMENT PARTNERS, LLC**,
a Kentucky limited liability company;
**MICHAEL SLOANE,** individually**;** and
**NICOLE SLOANE,** individually,

**Defendants.**

## COMPLAINT

Plaintiff, Sami Ghareeb ("Plaintiff" or "Ghareeb"), by and through undersigned counsel, files this Complaint against Defendants Society Hospitality LLC ("Society Hospitality"), Blue Fire Capital, LLC ("Blue Fire"), TLT Group, LLC ("TLT Group"), TLT Development Partners, LLC ("TLT Development") Michael Sloane ("M. Sloane"), and Nicole Sloane ("N. Sloane") (collectively, "Defendants"), and in support thereof alleges the following:

## PARTIES

1. Plaintiff Sami Ghareeb is an individual and citizen of the State of West Virginia, residing at 704 Cross Lanes Drive, Nitro, WV, WV 25143, and an investor in Society Hospitality.

2. Defendant Society Hospitality is a Virginia limited liability company with its principal place of business at 501 E. Grace Street, Richmond, Virginia 23219. Society Hospitality

is a citizen of Virginia for purposes of diversity jurisdiction. M. Sloane is the managing member of Society Hospitality.

3. Defendant Blue Fire is a Kentucky limited liability company with its principal place of business at 805 Main Street, Paris, KY 40361, Society Hospitality is a citizen of Virginia for purposes of diversity jurisdiction. The members of Blue Fire are M. Sloane and N. Sloane.

4. Defendant TLT Group is a Tennessee limited liability Society Hospitality with its principal place of business at 805 Main Street, Paris, KY 40361. TLT Group is a citizen of Tennessee for purposes of diversity jurisdiction. M. Sloane and N. Sloane are members of TLT Group. TLT Group owns 70% of Society Hospitality.

5. Defendant TLT Development is a Kentucky limited liability company with its principal place of business at 805 Main Street, Paris, KY 40361. Upon information and belief, TLT Development is a is a citizen of Kentucky for purposes of diversity jurisdiction. The members of TLT Development Group are M. Sloane and N. Sloane. TLT Development owns 50% of TLT Group.

6. Defendant M. Sloane is, upon information and belief, an individual and citizen of the Commonwealth of Kentucky, residing in Paris, Kentucky. M. Sloane, together with Defendant N. Sloane, owns and/or controls TLT Development, which owns a 50% interest in TLT Group, which holds a 70% majority ownership interest in Society Hospitality. TLT Group is located at 805 Main Street, Paris, Kentucky 40361. M. Sloane actively manages and directs the business operations and financial decisions of Society Hospitality, Blue Fire, TLT Group and TLT Development.

7. Defendant Nicole Sloane is, upon information and belief, an individual and citizen of the Commonwealth of Kentucky, residing in Paris, Kentucky. N. Sloane, together with Defendant M. Sloane, owns and/or controls TLT Development, which owns a 50% interest in TLT

Group LLC, which holds a 70% majority ownership interest in Society Hospitality. N. Sloane actively participates in the business and finances of Society Hospitality, including the preparation and/or approval of Society Hospitality's tax documents and also actively participates in the business operations and financial decisions of Blue Fire, TLT Group and TLT Development.

8. The ownership structure of Society Hospitality is as follows:

**Society Hospitality**
Operating Company↓

| | |
|---|---|
| **TLT Group**<br>**70% Ownership** | **Various Minority Interest Investors**<br>**30% Ownership** |

↓

| | |
|---|---|
| **TLT Development**<br>**50% Ownership of TLT Group** | **Paramour, LLC**<br>**50% Ownership of TLT Group** |

| | |
|---|---|
| **Michael Sloane**<br>**50% Ownership of TLT Development** | **Nicole Sloane**<br>**50% Ownership of TLT Development** |

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) because Plaintiff's claims are based on unlawful conduct by Defendants that caused serious financial injury to a West Virginia resident and are based on breaches of contractual and other legal obligations that Defendants were or should have been aware would have substantial effects in West Virginia on one or more West Virginia citizens, as well as violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968. Defendants unlawful actions were purposefully directed toward Plaintiff and other West Virginia citizens, and Defendants had established substantial and continuing relationships

with Plaintiff and other West Virginia citizens, including the use of the United States mail system to communicate with Plaintiff and other West Virginia citizens in furtherance of the fraudulent and unlawful scheme described herein.

10. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) because (a) Plaintiff is a citizen of West Virginia; (b) Defendant Society Hospitality, Blue Fire, TLT Group and TLT Development are all limited liability companies organized and existing in states other than West Virginia with no members residing in West Virginia; (c) Defendants M. Sloane and N. Sloane are citizens of Kentucky; and (d) the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the federal RICO claims as to form part of the same case or controversy.

12. This Court has personal jurisdiction over Defendant Society Hospitality because Society Hospitality and the Sloanes purposefully availed themselves of the privilege of conducting business in the State of West Virginia and with residents of the State of West Virginia, and the claims asserted relate to those activities. Defendant Society Hospitality and the Sloanes have substantial contacts with the forum state, including but not limited to: (a) various minority interest owners in Society Hospitality, including Plaintiff, reside in West Virginia—in fact more owners of Society Hospitality reside in West Virginia than in any other State; (b) the Secret Sandwich Society restaurant branding and licensing rights utilized at the Richmond, Virginia, restaurant, were established and developed in Fayetteville, West Virginia and used exclusively at a Secret Sandwich Society restaurant located in Fayetteville, West Virginia until the Richmond, Virginia, Secret Sandwich Society was established by West Virginia citizens, David and Tashia Bailey; (c) at the time that David and Tashia Bailey and their company, Graze, LLC, were negotiating with

Defendants for the use by Defendants of Secret Sandwich Society restaurant branding and licensing rights utilized at the Richmond, Virginia, restaurant, and business transactions whereby Defendants would own and operate the Richmond, Virginia restaurant, David and Tashia Bailey lived in West Virginia and regularly communicated with Defendants from West Virginia. Likewise, Defendants regularly communicated regarding the same with David and Tashia Bailey in West Virginia; (d) The Secret Sandwich Society branding and licensing rights were created and developed by David Bailey and Tashia Bailey through their Society Hospitality, Graze, LLC (a West Virginia LLC) when the Baileys were residents of Fayetteville, West Virginia; (e) until recently, Society Hospitality retained and used an accountant located in West Virginia for financial reporting and tax preparation services for Society Hospitality (Wayne Young, Adkins & Young PLLC, located in Summersville, West Virginia 26651); (f) From 2023 through 2026, Society Hospitality has purposefully and intentionally directed fraudulent communications, including K-1 tax reports and financial documents via the United States Postal Service mail delivery service, to Plaintiff and other minority interest owners residing in West Virginia; and (g) the Defendants have acted in a conspiratorial manner and have intermingled funds and activities and disregarded corporate formalities such that the acts of each of the Defendants may be attributable to all Defendants, as further explained throughout this Complaint.

13. This Court has personal jurisdiction over Blue Fire, TLT Group, and TLT Development because each of these Defendants participated with and conspired with Society Hospitality and the Sloanes to perpetrate the fraudulent scheme and all other unlawful conduct alleged herein. Accordingly, the exercise of personal jurisdiction meets the standards of the West Virginia long-arm statute and is constitutionally reasonable.

14. This Court has personal jurisdiction over Defendants M. Sloane and N. Sloane and Nicole Sloane because they purposefully availed themselves of the privilege of conducting

business in the State of West Virginia and with residents of the State of West Virginia, and the claims asserted relate to those activities. Furthermore, they purposefully and intentionally participated in and directed all conduct and actions described in Paragraph 11 above as the sole decision makers for the described actions taken by Society Hospitality and other Defendants. Accordingly, the exercise of personal jurisdiction meets the standards of the West Virginia long-arm statute and is constitutionally reasonable.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, including the receipt of fraudulent mailings and the economic injury suffered by Plaintiff in Charleston, West Virginia.

## FACTUAL ALLEGATIONS

### *A. Formation and Offering of Society Hospitality LLC*

16. Society Hospitality LLC was formed on or about November 25, 2014, as a Virginia limited liability company. Society Hospitality was formed for the purpose of opening and operating a restaurant under the branding and concept name "Secret Sandwich Society" in Richmond, Virginia.

17. On or about March 8, 2016, Society Hospitality issued a Confidential Descriptive Offering Memorandum (the "Offering Memorandum") pursuant to which Society Hospitality offered up to forty (40) preferred membership units (the "Preferred Units") at a price of $10,000 per unit, representing thirty percent (30%) of the total equity of Society Hospitality.

18. The Offering Memorandum provides in part that: "The preferred units will be entitled to a ten percent (10%) per annum priority return based on the cumulative (but not compounded) average daily balance of the cumulative unreturned capital invested by the preferred

unit holder. Such priority returns will be made on an annual basis, to the extent there is available Net Cash Flow. Net Cash Flow generally means all cash received from Company operations, reduced by all cash paid for all Company expenses, debt payments, capital improvements, replacements or other contingencies, and minus an Operating Capital Reserve that is determined in the discretion of the Manager. The preferred units will be eligible to receive priority returns until all capital invested by the preferred unit holder has been returned. In addition to the priority return, the preferred units will be entitled to pro-rata distributions of free cash flow (i.e., Net Cash Flow after payment of the priority returns). Based on the sale of all forty (40) preferred units, the preferred units would represent thirty percent (30%) of total Company equity in the aggregate, or 0.75% (75 basis points) on a per unit basis."

19. Plaintiff is a member of the minority ownership group holding Preferred Units, which collectively represent 30% of the total Society Hospitality equity (the "Minority Ownership Group" or "Preferred Members"). Accordingly, Plaintiff was entitled to priority returns and pro-rata distributions.

20. The original non-preferred members—David Bailey (35%) and Tashia Bailey (35%)—held seventy percent (70%) of the total Society Hospitality equity (the "Majority Interest"). In 2022, the Baileys sold their 70% interest in Society Hospitality to the Sloanes, via the Sloanes ownership in TLT Group, LLC. Until that sale in 2022, the Baileys paid Plaintiff and the other minority interest owners the amounts due and owed to them. All unlawful conduct alleged herein is directed at the Sloanes and Society Hospitality after the Baileys sold their interests in Society Hospitality to the Sloanes/TLT Group.

21. On or about June 20, 2016, Plaintiff Ghareeb acquired a 1.5% membership interest in Society Hospitality as a preferred unit holder. Plaintiff invested $10,000 in Society Hospitality in reliance upon the representations in the Offering Memorandum and the protections and rights

afforded by the LLC Operating Agreement (the "Operating Agreement"). Subsequently, Plaintiff acquired additional interest in Society Hospitality from one or more other investors who opted to sell their interest in Society Hospitality. As a result, Plaintiff ultimately owned 6.75% interest in Society Hospitality, which remains his ownership in Society Hospitality. Plaintiff has the largest ownership stake among the minority investor group.

***B. Distribution Provisions of the Operating Agreement***

22. The Operating Agreement governs the rights, obligations, and relationships of the members of Society Hospitality. Under Article 5 of the Operating Agreement, distributions of Net Cash Flow are required to be made in the following priority order:

a. First, to the Preferred Members as a Priority Return, calculated at ten percent (10%) per annum based on cumulative unreturned capital contributions;
b. Second, for return of capital contributions to the Preferred Members;
c. Third, to all Members pro rata according to their respective Percentage Interests.

23. The Offering Memorandum represented to prospective investors, including Plaintiff, that the management pro forma projected approximately 20.3% annual total return to the investment group.

***C. Defendants' Scheme to Misappropriate Society Hospitality Profits***

24. Beginning in August 2022 and continuing through the present, Defendants have engaged in a fraudulent and systematic scheme to divert Society Hospitality revenues and profits to themselves through Defendants TLT Group, TLT Development, Blue Fire, and ultimately the Sloanes, depriving the Preferred Members of their contractually and legally mandated distributions

or returns. Society Hospitality has made no distributions or any payment to Plaintiff or any other member of the minority investor group since it was acquired by TLT Group in August 2022.

25. As part of Defendants' scheme of unlawfully diverting funds from Society Hospitality, N. Sloane and/or M. Sloane would regularly use Society Hospitality credit card for personal expenses not related to business reasons and then fail to reimburse these expenses. For several years, Society Hospitality's West Virginia accountant properly coded these entries in Society Hospitality's financial records as distributions to the Sloanes (via TLT Group, TLT Development and/or Blue Fire) in addition to the cash distributions separately being taken out of Society Hospitality.

26. The Sloanes also routinely and frequently withdrew substantial amounts of cash from the restaurant.

27. In 2026, Defendants purported to "reclassify" or "recharacterize" the distributions taken in 2024, 2025 and 2026 as "loans" to Blue Fire or TLT Group. Any such attempted reclassification or recharacterization is invalid and serves only as further evidence of Defendants' fraudulent scheme and separate acts of fraud and unlawful activity.

28. For 2022, Society Hospitality owned and operated the Richmond Secret Sandwich Society restaurant effective August 15, 2022, through the end of that calendar year, thus for a period of four and one-half months.

29. For the four and one-half months of 2022 that Society Hospitality owned and operated the Richmond Secret Sandwich Society, upon information substantial distributions were made to Defendants TLT Group, TLT Development, and/or Blue Fire, and ultimately the Sloanes, depriving the Preferred Members of their contractually and legally mandated distributions or returns.

30. For tax year 2022, Plaintiff Ghareeb received zero ($0) distributions or returns on investment from Society Hospitality.

31. For the tax year 2023, Society Hospitality's federal tax return reveals that Society Hospitality generated total gross receipts of over Three Million Dollars (approximately $3,178,510).

32. Society Hospitality incurred $334,771.41 in total distribution debits in 2023, almost all of which was taken out of Society Hospitality by TLT Group, TLT Development and/or Blue Fire, and ultimately the Sloanes. Even with unspecified and uncorroborated credits (the legitimacy of which Plaintiffs do not concede), the purported net distributions paid to TLT Group (and ultimately received by the Sloanes) in 2023 total $213,181.

33. TLT Group's Schedule K-1 reflects that its capital account decreased from ($84,850) to ($197,846) for 2023—a negative swing of approximately $112,996—indicating withdrawals and distributions far in excess of its allocated income.

34. Plaintiff Ghareeb's Schedule K-1 for tax year 2023 shows ordinary business income allocated to him of $2,300, but zero ($0) distributions or returns on investment. Plaintiff's capital account moved from $15,504 to $17,651. To be clear, in 2023 Plaintiff Ghareeb was paid no distribution or return on his investment in 2023. The Schedule K-1 indicated that Society Hospitality did not have a positive Net Cash Flow and was not in a position to make cash distributions to any of the Preferred or Non-Preferred Members, and that no Members received distributions or other financial renumeration. Based upon the distributions and payments to TLT Group described herein, the impression created by the K-1 is false and misleading.

35. For the tax year 2024, Society Hospitality's federal tax return reveals that Society Hospitality generated total gross receipts of over Three Million Dollars (approximately $3,503,664).

36. Society Hospitality allowed $869,680.29 in total distribution debits in 2023, all of which was taken out of Society Hospitality by TLT Group, TLT Development and/or Blue Fire, and ultimately the Sloanes. Even with unspecified and uncorroborated credits (the legitimacy of which Plaintiffs do not concede), the purported net distributions in 2023 total $665,646.58.

37. TLT Group Schedule K-1 reflects that its capital account plummeted in 2024 from ($195,800) to ($722,516)—a negative swing of over $526,000—indicating distributions vastly exceeding income allocated to TLT Group LLC.

38. Plaintiff Ghareeb's Schedule K-1 for tax year 2024 shows ordinary business income allocated to him of $3,700, but once again, <u>zero ($0) distributions or return on investment</u>. Plaintiff's capital account moved from $47,623 to $60,713.00. The Schedule K-1 indicated that Society Hospitality did not have a positive Net Cash Flow and was not in a position to make cash distributions to any of the Preferred or Non-Preferred Members, and that no Members received distributions or other financial renumeration. Based upon the distributions and payments to TLT Group described herein, the impression created by the K-1 is false and misleading.

39. For the tax year 2025, the unlawful and fraudulent scheme continues unabated, with Society Hospitality's Profit & Loss Statement for 2025 indicating total income of nearly Two Million dollars ($1,944,273.94).

40. Society Hospitality's Balance Sheet for 2025 reflects $825,180.47 as a "TLT Group LLC Note Receivable," which in reality reflects distributions made to the Sloanes, Blue Fire, TLT Group and/or TLT Development, and ultimately the Sloanes, but unlawfully and fraudulently recharacterized by the Sloanes and Society Hospitality to conceal their unlawful and fraudulent scheme to avoid payments to minority investors, including Plaintiff.

41. For the tax year 2025, Plaintiff's Schedule K-1 shows ordinary business income allocated to him of $2,015, but yet again, <u>zero ($0) distributions</u>. Plaintiff's capital account was

increased by Society Hospitality from $60,713.00 to $69,781.00. The Schedule K-1 indicated that Society Hospitality did not have a positive Net Cash Flow and was not in a position to make cash distributions to any of the Preferred or Non-Preferred Members, and that no Members received distributions or other financial renumeration. Based upon the distributions and payments to TLT Group described herein, the impression created by the K-1 is false and misleading.

42. Throughout the first three financial quarters of 2026, Society Hospitality has continued to operate and earn substantial revenues, yet Plaintiff has not received any distribution or return on investment in 2026.

43. In sum, Plaintiff has never received any distribution or return on investment whatsoever from Society Hospitality from August 2022 through the present despite Society Hospitality generating millions of dollars in gross receipts annually and despite the Operating Agreement's express requirement that Preferred Members receive Priority Returns *before* any distributions are made to the non-preferred members.

44. By contrast, Defendants in some combination, controlled by Defendants M. Sloane and N. Sloane, have extracted through debits characterized as distributions or more recently as loans, through the present, during their control and ownership and/or affiliation with Society Hospitality, approximately, and likely in well in excess of, Two Million Dollars ($2,000,000), while paying nothing to Plaintiff and other Preferred Members who were contractually entitled to receive distributions or returns on investment.

45. Given the financial performance and history of Society Hospitality from late 2022 through the end of 2025, as well as the first three quarters of 2026, tit is virtually certain that Society Hospitality has unlawfully and fraudulently failed to pay Plaintiff distributions or returns on investment in 2026 in excess of $75,000.00.

***E. Fraudulent Use of the United States Mails***

46. Defendant N. Sloane, as Managing Member of Society Hospitality, and/or Defendant M. Sloane caused to be sent via the United States Postal Service mail tax documents including Schedule K-1 reports, cover letters, and financial communications to Plaintiff at his address in Nitro, West Virginia.

47. Upon information and belief, similar mailings were sent to other Preferred Members residing in West Virginia via the United States Postal Service mail.

48. These mailings were sent annually, at a minimum, for tax years 2022, 2023, 2024, and 2025, from Virginia and/or Kentucky into the State of West Virginia through the United States Postal Service mails or other mail delivery system.

49. Each such mailing contained representations about Society Hospitality's financial performance, including allocations of income and the absence of distributions to Plaintiff, while concealing: (a) the massive distributions being paid to TLT Group, Development, and/or Blue Fire, and ultimately the Sloanes; (b) the Sloanes' self-dealing and diversion of Society Hospitality funds; (c) the Sloanes' use of Society Hospitality credit card(s) for personal expenses not reimbursed and thus taken from Society Hospitality as de facto distributions as expressly acknowledged by its General Ledger; (d) the violation of the Operating Agreement's distribution provisions; and (d) the deprivation of the Preferred Members' contractual and fiduciary rights.

50. These mailings were sent in furtherance of a scheme to defraud the Preferred Members, including Plaintiff, by concealing the true nature and extent of the Sloanes' misappropriation of Society Hospitality assets. Each mailing constitutes an act of mail fraud in violation of 18 U.S.C. § 1341.

## CAUSES OF ACTION

### COUNT I

### Breach of Contract (LLC Operating Agreement)

*(Against All Defendants)*

51. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

52. The Operating Agreement constitutes a valid and binding contract between and among the members of Society Hospitality, including Plaintiff and TLT Group.

53. Under Article 5 of the Operating Agreement, distributions of Net Cash Flow are required to be made in the following order of priority: first, to the Preferred Members as a Priority Return (10% per annum on cumulative unreturned capital); second, for return of capital contributions to Preferred Members; and third, to all Members pro rata by Percentage Interest.

54. Defendants breached the Operating Agreement by failing to make pro-rata distributions of free cash flow after payment of priority returns and return of capital.

55. As a direct and proximate result of Defendants' breach, Plaintiff has suffered damages including, but not limited to, amounts due to him on an annual basis totaling in excess of $75,000 during the period of time that Defendants' have owned, controlled and managed Society Hospitality.

### COUNT II

### Breach of Fiduciary Duty

*(Against Defendants Nicole Sloane and Michael Sloane)*

56. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

57. Defendant N. Sloane, as Managing Member of Society Hospitality, owed fiduciary duties of loyalty, care, and good faith to Society Hospitality and all of its members, including Plaintiff.

58. Defendant M. Sloane, as a controlling owner of TLT Group and thereby a controlling member of Society Hospitality, owed fiduciary duties to the minority members, including Plaintiff.

59. Under Virginia law, which governs the LLC, managing members and controlling members owe fiduciary duties to Society Hospitality and its members.

60. Defendants M. Sloane and N. Sloane breached their fiduciary duties by, among other things: (a) engaging in self-dealing by diverting Society Hospitality revenues and profits to themselves through TLT Group, TLT Development and/or Blue Fire; (b) failing to make distributions to the Preferred Members as required by the Operating Agreement and controlling law; (c) concealing the true financial condition of Society Hospitality from Plaintiff and other minority members; (d) sending misleading tax documents and communications that obscured the existence and extent of their self-dealing; and (e) mismanaging Society Hospitality's affairs for personal enrichment at the expense of the Preferred Members.

61. As a direct and proximate result of Defendants' breach of fiduciary duty, Plaintiff has suffered damages in an amount to be determined at trial but believed to exceed $75,000.

**<u>COUNT III</u>**

**Fraud**

*(Against All Defendants)*

62. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

63. Defendants made material misrepresentations and/or material omissions to Plaintiff and the other Preferred Members, including but not limited to: (a) sending Schedule K-1 reports and cover letters that failed to disclose the massive distributions being paid to TLT Group, TLT Development and/or Blue Fire Capital, LLC, and ultimately M. Sloane and N. Sloane; (b) representing the financial condition of Society Hospitality in a manner that concealed the Sloanes' diversion of Society Hospitality funds; and (c) failing to disclose that the Operating Agreement's distribution provisions were being systematically violated.

64. Defendants knew these representations and omissions were false and misleading, or made them with reckless disregard for their truth or falsity.

65. Defendants made these misrepresentations and omissions with the intent to deceive Plaintiff and the other Preferred Members, and to conceal Defendants' ongoing misappropriation of Society Hospitality funds.

66. Plaintiff reasonably relied upon Defendants' representations and omissions. Plaintiff believed that Society Hospitality was either not generating sufficient free cash flow for distributions or that any distributions being made were being allocated in accordance with the Operating Agreement and otherwise in violation of law.

67. As a direct and proximate result of Defendants' fraud, Plaintiff has suffered damages in an amount to be determined at trial but believed to exceed $75,000.

## COUNT IV

### Constructive Fraud

*(Against Defendants Nicole Sloane and Michael Sloane)*

68. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

69. Defendants N. Sloane and M. Sloane occupied a position of trust and confidence with respect to Plaintiff and the other Preferred Members by virtue of their respective roles as Managing Member and controlling owner of Society Hospitality.

70. These Defendants took unfair advantage of this relationship of trust and confidence by: (a) diverting Society Hospitality revenue and profits to themselves while the Preferred Members, including Plaintiff, received nothing; (b) concealing the extent of their self-dealing; and (c) exploiting their managerial control to enrich themselves at the expense of the minority members to whom they owed duties.

71. Defendants' conduct constitutes constructive fraud, and as a direct and proximate result thereof, Plaintiff has suffered damages in an amount to be determined at trial but believed to exceed $75,000.

## COUNT V

**Violations of the Racketeer Influenced and Corrupt Organizations Act**

**18 U.S.C. §§ 1961–1968**

*(Against All Defendants)*

72. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

73. At all times relevant hereto, Society Hospitality, TLT Group, TLT Development, Blue Fire and the Sloanes constituted an "enterprise" within the meaning of 18 U.S.C. § 1961(4). The enterprise is an association-in-fact of legal entities through which Defendants conducted and participated in a pattern of racketeering activity.

74. Defendants M. Sloane and N. Sloane are "persons" within the meaning of 18 U.S.C. § 1961(3) who conducted or participated, directly or indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(c).

75. The pattern of racketeering activity consists of multiple predicate acts of mail fraud in violation of 18 U.S.C. § 1341. Specifically, Defendants caused to be sent through the United States mails fraudulent Schedule K-1 reports and cover letters from Virginia and/or Kentucky to Plaintiff in Nitro, West Virginia, and upon information and belief, to several other Preferred Members in West Virginia.

76. Each such mailing was in furtherance of a scheme to defraud the Preferred Members by concealing the Sloanes' diversion of Society Hospitality revenues and profits and the systematic violation of the Operating Agreement's distribution provisions. The mailings were designed to inform the Preferred Members that the financial performance of Society Hospitality did not allow for any distributions of revenue or profits to any persons with an ownership interest in Society Hospitality and to prevent the Preferred Members from learning that the Sloanes were over this extended time period extracting hundreds of thousands of dollars from Society Hospitality.

77. The predicate acts of mail fraud occurred on at least the following occasions:

78. In 2023, the mailing of Schedule K-1 for tax year 2022 from Virginia and/or Kentucky to Plaintiff at his address in Charleston, West Virginia;

79. In 2024, the mailing of Schedule K-1 for tax year 2023 from Virginia and/or Kentucky to Plaintiff at his address in Charleston, West Virginia;

80. In 2025, the mailing of Schedule K-1 for tax year 2024 from Virginia and/or Kentucky to Plaintiff at his address in Charleston, West Virginia;

81. In 2026, the mailing of Schedule K-1 for tax year 2025 from Virginia and/or Kentucky to Plaintiff at his address in Charleston, West Virginia.

82. Upon information and belief, additional mailings of identical or similar fraudulent documents to other Preferred Members residing in West Virginia in furtherance of the same scheme.

83. These predicate acts constitute a "pattern of racketeering activity" within the meaning of 18 U.S.C. § 1961(5) because they involve multiple related predicate acts occurring over a period of more than two years, with a threat of continued activity, directed at achieving the common purpose of defrauding the Preferred Members.

84. As a direct and proximate result of Defendants' violations of 18 U.S.C. § 1962(c), Plaintiff has been injured in his business or property within the meaning of 18 U.S.C. § 1964(c), including the loss of distributions to which he was contractually entitled. Plaintiff is entitled to recover threefold the damages sustained, plus costs and reasonable attorney's fees.

**COUNT VI**

**Civil Conspiracy**

*(Against All Defendants)*

85. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

86. All Defendants have unlawfully conspired with one another to engage in the fraudulent scheme and unlawful failure to pay distributions or returns to Plaintiff and other Preferred Members.

87. All Defendant have combined and acted in concerted action to accomplish unlawful proposes in planning and carrying out the fraudulent scheme against Plaintiff and other Preferred Members as alleged herein.

88. As a direct and proximate result of Defendants' unlawful conspiracy, Plaintiff has suffered damages in an amount to be determined at trial but believed to exceed $75,000.

**COUNT VII**

**Unjust Enrichment**

*(Against All Defendants)*

89. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

90. Defendants have been unjustly enriched by receiving distributions from Society Hospitality to which they were not entitled under the Operating Agreement and other applicable law, while the Preferred Members received nothing.

91. It would be inequitable and unconscionable for Defendants to retain the benefit of the distributions they extracted from Society Hospitality without compensating Plaintiff for the distributions to which he was entitled.

92. Plaintiff is entitled to disgorgement of the amounts by which Defendants were unjustly enriched, plus interest thereon.

**COUNT VIII**

**Accounting**

*(Against All Defendants)*

93. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

94. As a member of Society Hospitality, Plaintiff is entitled to a full and complete accounting of all financial transactions of Society Hospitality, including but not limited to all revenues, expenses, distributions, management fees, royalties, and any other payments made to or for the benefit of Defendants or entities controlled by Defendants.

95. Plaintiff does not have access to the complete financial records of Society Hospitality and cannot determine the full extent of Defendants' misconduct without an accounting.

96. Plaintiff is entitled to a court-ordered accounting of all financial transactions of Society Hospitality from its formation to the present.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, jointly and severally, and award the following relief:

A. Compensatory damages in an amount to be proven at trial, including all distributions wrongfully withheld from Plaintiff in violation of the Operating Agreement and other applicable law;

B. Treble damages pursuant to 18 U.S.C. § 1964(c) for Defendants' violations of the Racketeer Influenced and Corrupt Organizations Act;

C. Punitive damages in an amount sufficient to punish Defendants for their willful, wanton, and malicious conduct and to deter similar conduct in the future;

D. Disgorgement of all improper distributions taken by Defendants from Society Hospitality in violation of the Operating Agreement and in breach of their fiduciary duties;

E. A full and complete accounting of all financial transactions of Society Hospitality LLC from its formation to the present;

F. Injunctive relief requiring Defendants to comply with the distribution provisions of the Operating Agreement and their fiduciary obligations and to make all distributions to which Plaintiff and the other Preferred Members are entitled;

G. Pre-judgment and post-judgment interest at the maximum rate allowed by law;

H. Reasonable attorneys' fees and costs of this action, including pursuant to 18 U.S.C. § 1964(c);

I. Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

SAMI GHAREEB

By counsel:

*/s/ J. David Fenwick*
J. David Fenwick (WVSB # 6029)
Robert S. Pruett (WVSB #12683)
GOODWIN & GOODWIN, LLP
300 Summers Street, Suite 1500
Charleston, West Virginia 25301
T: (304) 346-7000
F: (304) 344-9692
jdf@goodwingoodwin.com